UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TRACY STILLDAY,  Civil No. 07-4315 (JNE/JSM)
o/b/o Darnell L. Counce,

    Plaintiff,

v.  REPORT AND RECOMMENDATION

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

The above-entitled matter came before the undersigned United States Magistrate Judge upon this Court's March 17, 2008 Order to show cause. [Docket No. 9]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

Plaintiff initiated this case on October 22, 2007. By this action, the plaintiff sought judicial review of a determination of the defendant which denied plaintiff's Application for Disability Insurance Benefits. On January 4, 2008, as is required by the Local Rules of this District, defendant filed an Answer [Docket No. 7] and a Certified Copy of the Transcript of the record of the Administrative Proceedings [Docket No. 8].

Plaintiff's representative failed to file his motion for Summary Judgment within sixty (60) days as required by Local Rule 7.2(b)(1) of the Local Rules of the United States District Court for the District of Minnesota. Thereafter, on March 17, 2008, plaintiff was ordered by this Court pursuant to Rule 1, Federal Rules of Civil Procedure,

and Rule 7.2(b)(1), Local Rules of the United States District Court for the District of Minnesota, to show good cause within ten days why he should be granted a short extension time in which to file his Motion for Summary Judgment. See March 17, 2008 Order [Docket No. 9]. This order also stipulated that in the absence of a written submission in response to the order and good cause shown, the Court would recommend that this action be dismissed for failure to timely file the plaintiff's Motion for Summary Judgment and for failure of prosecution. Id.

Plaintiff has not communicated with the Court for more than nine months. Therefore, based on the express warnings to plaintiff regarding the consequences that would follow if he failed to comply with the requirements of the Court's March 17, 2008 Order, and plaintiff's continued failure to prosecute his case since October 22, 2007, it is now recommended that plaintiff be deemed to have abandoned this action, and that the action be dismissed, with prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."); Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984) (finding that dismissal with prejudice under Rule 41 is appropriate where there is a willful disobedience of a court order or continued or persistent failure to prosecute a complaint).[1]

---

[1]   It should also be noted that even if plaintiff's Complaint were to be dismissed without prejudice, the applicable statute of limitation, 42 U.S.C. § 405(g), has run. 42 U.S.C. § 405(g) provides a sixty (60) day timeframe following any final decision of the Commissioner of Social Security in which review of such decision by a civil action may be obtained. This window for review has long since passed. Even if this statute of limitation is considered tolled while plaintiff waited for defendant's Answer and

**RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein,

**IT IS RECOMMENDED THAT:** Plaintiff's Complaint [Docket No. 1] be **DISMISSED with Prejudice**.

Dated:     August 8, 2008

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 25, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

accompanying documentation (October 27, 2007–January 4, 2008), a considerable amount of time, well exceeding sixty days, has passed while this Court and defendant have waited further action in this matter by the plaintiff (January 4, 2008–August 6, 2008).